IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATRINA N. LUSZCZAK,

                      Plaintiff,                      ORDER

    v.

                                                           14-cv-434-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                      Defendant.

---

      Plaintiff Katrina Luszczak seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On May 28, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

      Luszczak alleged that she is disabled because of depression and anxiety-related impairments that limit her social functioning and her ability to interact with others. Treatment notes from Luszczak's therapist, Noreen Salzman, indicate that Luszczak's condition fluctuated between periods of improved functioning and periods of decompensation with increased depression. Ms. Salzman provided a mental health report, in which she opined that Luszczak had marked mental limitations and could participate in work activities for only three hours at a time, three times per week. R. 696-700.[1] Ms. Salzman confirmed and amplified her opinion during oral testimony at Luszczak's hearing before an ALJ. R. 46-58.

      The ALJ rejected Ms. Salzman's opinion because it was inconsistent with other evidence of record and because her own treatment notes did not support such severe limitations. The ALJ went on to find that Luszczak was capable of light work with additional limitations "in light of

---

[1] Record cites are to the administrative record. Dkt. 10.

[her] limitations in mental functioning, expanded record, and the credible portions of [Luszczak's] hearing testimony." R. 89. In crafting this residual functional capacity (RFC), the ALJ considered Luszczak's statements about her own symptoms, but found these statements to be less than credible.

The ALJ's analysis in this case was deficient for three reasons. First, she failed to identify and apply the pertinent regulatory factors when assigning weight to Ms. Salzman's opinion, as required under 20 C.F.R. § 404.1527(c). The ALJ described Ms. Salzman's treatment notes as depicting overall improvement. But that was an incomplete summary. Although there are some notes indicating that Luszczak's coping skills increased with treatment, when read as a whole, Ms. Salzman's notes reflect an "up and down" condition. By overlooking the larger trend in these records, the ALJ failed to build an accurate and logical bridge between the evidence and her conclusion that Ms. Salzman's treatment notes did not support her proposed limitations. Moreover, Ms. Salzman had an ongoing treating relationship with Luszczak, providing therapy at least once a week, for two years, and she is a mental health professional. Under § 1527(c)(2) and (5), these factors could weigh in favor of affording Ms. Salzman's opinion more weight than opinions from general practitioners who saw Luszczak less often. On remand, the ALJ must identify and apply the pertinent § 1527(c) factors. And, if the ALJ finds that Ms. Salzman's opinion is contradicted by treatment notes, then the ALJ should provide specific citations to the contradicting evidence.

Second, the ALJ did not explain why she included "additional limitations" in Luszczak's RFC. The ALJ afforded "some weight" or less to every medical opinion that supported mental limitations, but some of these limitations nevertheless ended up in the RFC. Thus, the court is unable to discern which opinions the ALJ truly considered to be worthy of weight and which opinions she rejected in deciding which limitations to add to Luszczak's RFC. On remand, the

ALJ must cite to record evidence that supports any additional limitations, and she must explain why she has omitted limitations from sources to whom she has given weight.

Third, proper evaluation of the medical opinions in this case may require the ALJ to revisit the question of Luszczak's credibility. And even if it does not, the ALJ should clarify her credibility finding. Imposing additional limitations "in light of . . . the credible portions of the claimant's hearing testimony," without specifying which portions were credible, leaves the court unable to trace the ALJ's reasoning. R. 89. The ALJ must also explain why Luszczak's activities of daily living are inconsistent with her statements about the impact of her impairments. For example, the ALJ noted that Luszczak is completing online college courses, but she did not explain how this activity undermines Luszczak's allegations of anxiety and poor social functioning; indeed, one reason to pursue online courses instead of in-person courses is to *avoid* stressful social situations.

This order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. But the ALJ must adequately explain the weight that she assigns to the medical opinions in this case, and she must link her RFC finding to evidence in the record. The ALJ must also properly evaluate Luszczak's credibility and clarify which statements are credible and which statements are not.

Finally, Luszczak has moved to amend her complaint to reflect that "the only time period now at issue in this litigation is from December 29, 2010 (the original alleged date of onset) through March 4, 2013, and not for any subsequent period." Dkt. 19, at 1. Given that the ALJ expressly concluded that Luszczak was not disabled during that very time period, it is not clear why such an amendment is necessary.[2] But the court will nevertheless grant Luszczak's

---

[2] Luszczak's motion appears to be a preemptive effort to prevent the Commissioner from reopening a subsequent award of benefits that Luszczak received after the application at issue in

motion to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

Accordingly, IT IS ORDERED that:

1. Plaintiff Katrina Luszczak's motion to amend her complaint, Dkt. 19, is GRANTED.

2. The decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

3. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered May 29, 2015.

                BY THE COURT:

                /s/

                _____

                JAMES D. PETERSON
                District Judge

---

this case was denied. Whether to revisit any subsequent award of benefits is not before this court. That is a matter for the Agency, guided by the applicable regulations.